UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **25 Cr. 284 (DEH)** |
| Okine Sewell, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. This Order governs only the grand jury materials, audio files, and video files enumerated below.

2. **Sealed Material.** The following may be designated "Sealed Material" by the Government:  Sealed grand jury minutes produced in discovery.

3. **Attorney's Possession Only ("APO") Material.**  The following may be designated "Attorney's Possession Only" by the Government:  Video or audio recordings produced in discovery that depict victims or contain information that identifies any victims.  Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

4. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

2023.11.26

a.   The defendant;

b.   Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c.   Prospective witnesses for purposes of defending this action.

5.   APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

### Other Provisions

6.   This Order does not prevent the disclosure of any Sealed Material or APO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

7.   This Order places no restriction on the defendant's use or disclosure of electronically stored information ("ESI") or other material that originally belonged to the defendant.

8.   The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Sealed Material or APO Material beyond that otherwise permitted by this Order without further Order of this Court.

2023.11.26

9.  The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Sealed Material or APO Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. Except for Sealed Material or APO Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sealed Material or APO Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Sealed Material or APO Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _Getzel Berger_                          Date: July 30, 2025
Getzel Berger
Assistant United States Attorney

_Marne Lenox_                               Date: July 29, 2025
Marne Lenox
Counsel for Okine Sewell

SO ORDERED:

Dated: New York, New York
          July 30   , 2025

_____
THE HONORABLE DALE E. HO
UNITED STATES DISTRICT JUDGE

2023.11.26